NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GRADY W. RENVILLE,**
*Petitioner*

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

---

2015-3193

---

Petition for review of the Merit Systems Protection Board in No. DE-0752-14-0309-I-1.

---

Decided: November 9, 2015

---

GRADY W. RENVILLE, Albuquerque, NM, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, DOUGLAS K. MICKLE; JAMES M. CRIBARI, Office of General Counsel, United States Department of Health and Human Services.

---

Before LOURIE, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Mr. Renville appeals a final decision of the Merit Systems Protection Board ("Board"). Because the Board properly dismissed Mr. Renville's claims, we affirm.

BACKGROUND

I.

Mr. Renville worked as a Community Health Director for the Indian Health Service, an operating division within the U.S. Department of Health and Human Services ("HHS"). In October 1996, HHS suspended Mr. Renville for forty days for misuse of a government vehicle, misuse of official time, and demonstrating behavior unbecoming of a government official. The following month, Mr. Renville timely appealed his suspension to the Board. In January 1997, HHS removed Mr. Renville from his position and from the Federal service altogether. HHS claimed Mr. Renville failed to adequately perform the budgetary duties of the Community Health Director. Mr. Renville timely appealed again.

Before a hearing occurred, Mr. Renville and HHS settled their dispute. Under the settlement, Mr. Renville agreed to voluntarily retire from the Federal service, to not reapply for employment with the Indian Health Service in the Aberdeen Area Office, and to withdraw his appeals before the Board. In exchange, HHS issued Mr. Renville back pay, eliminated the suspension and removal actions from his record, provided him with a letter of recommendation, and paid his attorney's fees.

The Administrative Judge dismissed Mr. Renville's appeals after finding that the parties negotiated in good faith, entered into the agreement freely, and understood the terms by which they were bound. The dismissal order

indicated that, absent a petition for review, it would become final on April 25, 1997. Neither party petitioned for review, causing the dismissal order to become final.

## II.

Seventeen years later in 2014, Mr. Renville filed a new appeal with the Board challenging the same removal action underlying the appeals he settled with HHS. While raising many of the same arguments that he raised in his earlier appeals, Mr. Renville also lodged several new allegations, including that (1) his separation from the Federal service violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"); (2) his separation violated the Veterans Employment Opportunities Act of 1998 ("VEOA"); and (3) his retirement under the settlement agreement was involuntary.

The Board dismissed Mr. Renville's appeal for lack of jurisdiction. The Board determined that collateral estoppel precluded Mr. Renville from re-litigating the claims he brought in his 1997 appeals and that res judicata precluded his USERRA claim. The Board also determined that Mr. Renville could not properly bring a VEOA claim, as that statute did not exist when he separated from the Federal service. Finally, the Board determined that a new appeal was not the proper mechanism to contest the validity of the settlement agreement.

Mr. Renville timely appealed and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review decisions of the Board on a limited basis, setting aside Board actions, findings, or conclusions only if we find them to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the

Board had jurisdiction over Mr. Renville's claims and whether the Board properly precluded his claims are questions of law that this court reviews de novo. *Whiteman v. Dep't of Transp.*, 688 F.3d 1336, 1340 (Fed. Cir. 2012); *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1268 (Fed. Cir. 2008).

We agree with the Board that Mr. Renville's claims regarding his separation are precluded by law, but we believe the more fitting preclusion doctrine in this instance is res judicata, rather than collateral estoppel as applied by the Board. *See, e.g.*, *Ford-Clifton v. Dep't of Veterans Affairs*, 661 F.3d 655, 660-61 (Fed. Cir. 2011) (rejecting use of law of the case doctrine to afford a prior settlement agreement preclusive effect and relying instead on res judicata). Res judicata precludes a party from asserting claims raised in an earlier action that reached a decision when: "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Carson v. Dep't of Energy,* 398 F.3d 1369, 1375 (Fed. Cir. 2005); *see also Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n.5 (1979).

The factors of this test are met here. It is undisputed that the Board had jurisdiction over the 1997 appeals that Mr. Renville filed regarding the suspension and removal actions by HHS. Further, the settlement agreement and the subsequent dismissal by the Board resulted in a final decision on the merits. *See Ford-Clifton*, 661 F.3d at 660 ("It is widely agreed that an earlier dismissal based on a settlement agreement constitutes a final judgment on the merits in a res judicata analysis."). Finally, Mr. Renville raises the same cause of action—improper separation from the Federal service—as he did in his 1997 appeals. Therefore, we affirm the Board's conclusion that Mr. Renville was precluded from re-litigating his separa-

tion from the Federal service and, as a result, the Board lacked jurisdiction to adjudicate those claims.

Mr. Renville's claim under USERRA is also barred under the doctrine of res judicata. Res judicata serves to limit not only claims that a party actually raised, but also claims that the party could have raised in an earlier action arising from the same transaction or occurrence. *See Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n.1 (1984) ("Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit."). Because Mr. Renville's USERRA claim relates to the same transactional facts—his separation from the Federal service—which were resolved by the settlement agreement, the Board was correct in dismissing the claim on res judicata grounds.

As for Mr. Renville's VEOA claim, the timing of his separation from the Federal service prevents him from recovering under that statute. Congress enacted the VEOA on October 31, 1998. Veterans Employment Opportunities Act of 1998, Pub. L. No. 105–339, 112 Stat. 3182. We have made it clear that the VEOA has no retroactive effect. *Lapuh v. Merit Sys. Prot. Bd.*, 284 F.3d 1277, 1282 (Fed. Cir. 2002) (holding that the VEOA "does not confer jurisdiction on the Board to adjudicate claims of violation of veterans' preferences when the alleged violative acts occurred before the effective date of the Act"). As the events forming the basis of Mr. Renville's VEOA claim occurred at least eighteen months before enactment of the VEOA, he has no VEOA claim to bring. Therefore, we agree with the Board's determination of no jurisdiction.

Finally, Mr. Renville argues that his 1997 settlement agreement with HHS is invalid because its terms are

contrary to law and because HHS induced him to enter it using duress, undue influence, and fraud.  The validity of the 1997 settlement agreement is not properly before us.  The Administrative Judge who dismissed Mr. Renville's 1997 appeals found that the parties had "freely accept[ed] the terms of the agreement."  Attacks going to the validity of settlements found by the Board to be voluntary may only be brought through a petition for review of the Board order entering the settlement.  *See Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1468 (Fed. Cir. 1998) ("[T]he Board only entertains allegations that a settlement agreement is invalid in a petition for review.").  Thus, a new appeal filed seventeen years later, as Mr. Renville filed here, is not the correct vehicle for attacking the validity of his settlement agreement with HHS.

CONCLUSION

For the reasons stated above, we affirm.

**AFFIRMED**

COSTS

No costs.