NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN PAUL JONES, III,**
*Petitioner*

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

---

2016-1552

---

Petition for review of the Merit Systems Protection Board in No. DE-4324-16-0128-I-1.

---

Decided: July 8, 2016

---

JOHN PAUL JONES, III, Albuquerque, NM, pro se.

AARON WOODWARD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; ROBERT E. NERTHLING, II, Office of the General Counsel, Department of Health and Human Services, Atlanta, GA.

---

Before PROST, *Chief Judge*, BRYSON and WALLACH, *Circuit Judges.*

PER CURIAM.

The U.S. Department of Health and Human Services ("HHS") announced two job vacancies in 2009. Veteran John Paul Jones, III, applied for the positions, but HHS did not select him for employment. Mr. Jones appealed HHS's decision not to hire him to the Merit Systems Protection Board ("MSPB"), alleging a violation of the Veterans Employment Opportunities Act of 1998 ("VEOA"), Pub. L. No. 105-339, 112 Stat. 3182 (codified as amended in scattered sections of 2, 3, 5, 10, 28, 31, 38, and 49 U.S.C. (2006)).[1] The MSPB denied Mr. Jones's request for relief in 2011.

Nearly six years after filing his first appeal, Mr. Jones again appealed to the MSPB, this time alleging that HHS violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), Pub. L. No. 103-353, 108 Stat. 3149 (codified as amended at 38 U.S.C. §§ 4301–4333 (2012)),[2] when it did not select him for one of the 2009 job vacancies. The MSPB dismissed Mr. Jones's appeal, finding it barred by the doctrine of res judicata. *See Jones v. Dep't of Health & Human Servs.*,

---

[1] "Congress passed the VEOA to ensure that veterans receive due consideration when they apply for vacant positions available through the merit promotion process." *Vassallo v. Dep't of Def.*, 797 F.3d 1327, 1329 (Fed. Cir. 2015) (citation omitted).

[2] Congress passed the USERRA to, inter alia, "prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3).

No. DE-4324-16-0128-I-1 (M.S.P.B. Jan. 21, 2016) (Resp't's App. 4–7).[3]

Mr. Jones appeals, contending the MSPB's dismissal contains various legal errors. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012). We affirm.

DISCUSSION

I. Standard of Review

We affirm the MSPB's decision unless, inter alia, it is "not in accordance with law." 5 U.S.C. § 7703(c)(1) (2012). The MSPB's legal determinations are reviewed de novo. *Welshans v. U.S. Postal Serv.*, 550 F.3d 1100, 1102 (Fed. Cir. 2008). As a petitioner, Mr. Jones "bears the burden of establishing error in the [MSPB's] decision." *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998) (citation omitted).

II. The Doctrine of Res Judicata Bars Mr. Jones's Appeal

The doctrine of res judicata "prevents parties from litigating issues that could have been raised in a prior action" and arise from the same operative facts. *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005) (citations and footnote omitted); *see also Renville v. Dep't of Health & Human Servs.*, 632 F. App'x 611, 613 (Fed. Cir. 2015) (unpublished) ("Res judicata serves to limit . . . claims that the party could have raised in an earlier action arising from the same transaction or occurrence." (citations omitted)). The doctrine applies when: "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same

---

[3] The MSPB dismissed Mr. Jones's second appeal in an initial decision, which became final once Mr. Jones did not timely file a petition for review of that decision. *See* 5 C.F.R. § 1201.114(e) (2016).

parties or their privies were involved in both cases." *Carson*, 398 F.3d at 1375 (citation omitted). The "same cause of action" clause of the third *Carson* factor is met when the same event gave rise to both suits, even if a different legal theory is pled in each appeal. *See, e.g., N.J. Inst. of Tech. v. Medjet, Inc.*, 47 F. App'x 921, 923–25 (Fed. Cir. 2002) (unpublished). Whether the MSPB properly dismissed an action based on res judicata raises a question of law that we review de novo. *See Renville*, 632 F. App'x at 613.

Mr. Jones argues that the MSPB misapplied the doctrine of res judicata. *See* Pet'r's Br. 1–5. In particular, Mr. Jones alleges that the MSPB failed to consider "numerous . . . relevant facts" that allegedly did not exist when he filed his first appeal with the MSPB. *Id.* at 1–2. The facts discussed by Mr. Jones relate to evidence that he purportedly proffered in other appeals challenging HHS's decision not to select him for various positions. *See id.* Had the MSPB considered these facts, Mr. Jones contends the MSPB would have found that "the underlying cause of action is different" from his prior appeal. *Id.* at 2 (emphasis omitted).

Mr. Jones's argument suffers from two flaws. As an initial matter, Mr. Jones fails to specify the relevant facts that the MSPB failed to consider and otherwise does not support his assertions with record evidence. *See id.* at 1–5. In any event, evidence related to Mr. Jones's non-selection in other appeals does not change the circumstances surrounding the non-selection that gave rise to the prior and subject appeals. Thus, the evidence discussed by Mr. Jones is irrelevant to our res judicata analysis. *See, e.g., Carson*, 398 F.3d at 1375 (explaining that a res judicata analysis focuses on the circumstances present at the time a party brought its initial action).

Moreover, the MSPB correctly held that the doctrine of res judicata bars Mr. Jones's appeal because the subject

appeal meets each of the factors articulated in *Carson*. First, the MSPB had jurisdiction over Mr. Jones's prior appeal, in which he raised a VEOA claim. *See* 5 C.F.R. § 1201.3(b)(1) (providing the MSPB with jurisdiction over VEOA appeals). Second, the MSPB issued a final decision on the merits as to Mr. Jones's prior appeal. *See Jones v. Dep't of Health & Human Servs.*, No. DE-3330-10-0154-I-2 (M.S.P.B. Mar. 22, 2011) (Resp't's App. 28–33) (final decision); *Jones v. Dep't of Health & Human Servs.*, No. DE-3330-10-0154-I-2 (M.S.P.B. Aug. 23, 2010) (Resp't's App. 34–41) (initial decision). Third, although Mr. Jones raises distinct legal theories in the prior and subject appeals (i.e., VEOA and USERRA claims, respectively), both appeals involve the same parties and the same operative facts—namely, HHS's decision not to hire him for either of the 2009 job vacancies. Specifically, Mr. Jones sued HHS in each appeal, Resp't's App. 26, 34, and each appeal concerned the same 2009 job vacancy for which Mr. Jones was not selected for employment, *compare id.* at 26 (where in the subject appeal Mr. Jones raised a USERRA claim related to announcement number HHS-CDC-D3-2010-0011), *with id.* at 35 (where in the prior appeal Mr. Jones raised a VEOA claim related to announcement numbers HHS-CDC-D3-2010-0011 and HHS-CDC-D3-2010-0012). Thus, the doctrine of res judicata bars Mr. Jones's appeal.

Mr. Jones also argues that the MSPB improperly denied him a right to a hearing, "which is *mandatory* under the USERRA." Pet'r's Br. 2. "[A]ny veteran who requests a hearing" on a USERRA claim before the MSPB "shall receive one." *Kirkendall v. Dep't of the Army*, 479 F.3d 830, 844 (Fed. Cir. 2007) (discussing 5 U.S.C. § 7701(a), 38 U.S.C. § 4324(c)(1)). However, "[t]he right to a hearing for USERRA claims does not entail the right to relitigate already resolved claims and to require the administrative judge to conduct a hearing whenever such previously

resolved claims are reasserted." *Baney v. Dep't of Justice*, 327 F. App'x 895, 900 (Fed. Cir. 2009) (unpublished).

CONCLUSION

We have considered Mr. Jones's remaining arguments and find them unpersuasive. Accordingly, the final decision of the Merit Systems Protection Board is

**AFFIRMED**

COSTS

Each party shall bear its own costs.