NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC ROSE,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2017-1621

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-15-0538-W-1.

---

Decided: August 11, 2017

---

ERIC ROSE, Gulfport, MS, pro se.

STEVEN C. HOUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before WALLACH, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Petitioner Eric Rose appeals the final order of the Merit Systems Protection Board ("MSPB") affirming an administrative judge's ("AJ") dismissal of his appeal based on res judicata. *See Rose v. Dep't of Def.* (*Rose III*), No. AT-1221-15-0538-W-1, 2016 WL 7439325, at ¶ 1 (M.S.P.B. Dec. 15, 2016). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012). We affirm.

BACKGROUND[1]

Mr. Rose is a former employee of the U.S. Department of Defense ("DOD"). *Rose III*, 2016 WL 7439325, at ¶ 3. Due to a supervisor's false statements about him, Mr. Rose was arrested, issued two criminal tickets, and barred from entering the duty station where he worked as a Store Worker/Forklift Operator. *Id.* DOD eventually removed Mr. Rose from his position due to an extended absence without leave. *Id.* ¶ 4.

Mr. Rose filed three appeals to the MSPB relating to his barment and eventual removal. First, Mr. Rose unsuccessfully challenged his barment as a constructive suspension. *See Rose v. Dep't of Def.* (*Rose I*), 118 M.S.P.R. 302, 303 (2012).

Second, Mr. Rose challenged his removal and, following two remands, the MSPB issued a final order affirming the AJ's decision to reverse Mr. Rose's removal. *See Rose v. Dep't of Def.* (*Rose II*), No. AT-0752-12-0063-B-2, 2015 WL 4736787, at ¶¶ 5–10, 15 (M.S.P.B. Aug. 10, 2015). The MSPB rejected Mr. Rose's argument that he was removed as reprisal for certain whistleblowing activities "because he did not identify such a claim for adjudication

---

[1] Because the material facts are not in dispute, we cite to the facts as recited in the MSPB's prior decisions pertaining to Mr. Rose.

below or in his prior petition for review"; and it rejected his argument that he was retaliated against for filing a complaint with the Equal Employment Opportunity Commission because this latter charge was "barred by the law of the case doctrine." *Id.* ¶ 13.

Third, in the instant appeal, which was filed during the pendency of his second appeal and after he had filed a complaint with the Office of Special Counsel, Mr. Rose filed an individual right of action ("IRA") appeal. *Rose III*, 2016 WL 7439325, at ¶ 7; *see* Resp't's Suppl. App. 28, 31. Mr. Rose contended that his supervisor retaliated against him for his whistleblowing activity by "provid[ing] false information to base security and negative information to the naval commander," leading to his barment and eventual removal. *Rose III,* 2016 WL 7439325, at ¶ 7. The MSPB affirmed the AJ's dismissal of Mr. Rose's appeal, determining that, inter alia, Mr. Rose's claims were barred by the doctrine of res judicata. *Id.* ¶ 15.

DISCUSSION

I. Standard of Review and Legal Standard

We affirm the MSPB's decision unless, inter alia, it is "not in accordance with law." 5 U.S.C. § 7703(c)(1) (2012). We review the MSPB's legal determinations de novo. *Welshans v. U.S. Postal Serv.*, 550 F.3d 1100, 1102 (Fed. Cir. 2008). "The petitioner bears the burden of establishing error in the [MSPB]'s decision." *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

The doctrine of res judicata "prevents parties from litigating issues that could have been raised in a prior action" and arise from the same operative facts. *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005); *see Renville v. Dep't of Health & Human Servs.*, 632 F. App'x 611, 613 (Fed. Cir. 2015) ("Res judicata serves to limit . . . claims that the party could have raised in an earlier action arising from the same transaction or occurrence.").

The doctrine applies when: "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Carson*, 398 F.3d at 1375 (citation omitted). "In order that a final judgment shall be given res judicata effect in a pending action, it is not required that the judgment shall have been rendered before that action was commenced." Restatement (Second) of Judgments § 14 cmt. a (Am. Law. Inst. 1982); *see, e.g.*, *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937–38 (5th Cir. 2000) (applying Restatement (Second) of Judgments § 14 and affirming a dismissal based on res judicata). The "same cause of action" clause of the third *Carson* factor is met when the same event gave rise to both suits, even if a different legal theory is pled in each appeal. *See, e.g.*, *N.J. Inst. of Tech. v. Medjet, Inc.*, 47 F. App'x 921, 923–25 (Fed. Cir. 2002). Whether the MSPB properly dismissed an action based on res judicata raises a question of law that we review de novo. *See Renville*, 632 F. App'x at 613.

II. The Doctrine of Res Judicata Bars Mr. Rose's Appeal

Mr. Rose contends that the MSPB did not properly apply the doctrine of res judicata. *See* Pet'r's Br. 1, 3–4. Specifically, he argues that neither the AJ nor the MSPB reached the merits of the whistleblower claim, deciding instead that they did not have jurisdiction over that claim. *Id.* at 3–4.

The MSPB appropriately determined that res judicata barred Mr. Rose's whistleblower claim based on its decision in *Rose II*. As to the first *Carson* factor, the MSPB has jurisdiction over Mr. Rose's original appeals challenging "a suspension of more than [fourteen] days" or "a removal." 5 U.S.C. § 7512; *see id.* § 7513(d). As to the second *Carson* factor, the MSPB issued a final decision on the merits regarding Mr. Rose's prior appeals before

giving preclusive effect to those decisions in the instant IRA appeal. *See Rose II*, 2015 WL 4736787, at ¶ 1.

As to the third *Carson* factor, even though Mr. Rose attempts to distinguish his current whistleblowing claim, this appeal involves the same parties and the same operative facts as *Rose II*. In *Rose II*, Mr. Rose challenged the DOD's actions that led to his suspension and removal. *See id.* ¶¶ 1–2. The same operative facts were discussed in his prior appeal. *See id.* ¶ 2 (reviewing Mr. Rose's supervisor's false statements and Mr. Rose's subsequent barment). As such, Mr. Rose could have raised a whistleblower claim based on his suspension or removal in *Rose II*. *See* 5 C.F.R. § 1209.2(b) (2017) (providing jurisdiction to the MSPB over certain appeals relating to whistleblowing and other protected activities). Although Mr. Rose attempted to raise a whistleblower claim before the MSPB in *Rose II*, the MSPB refused to consider it "because he did not identify such a claim for adjudication below or in his prior petition for review." *Rose II*, 2015 WL 4736787, at ¶ 13. Mr. Rose's failure to properly raise a whistleblower claim as a defense in *Rose II* prevents him from raising it now to re-challenge his removal. *Cf. Sabersky v. Dep't of Justice*, 61 F. App'x 676, 677 (Fed. Cir. 2003). Thus, the doctrine of res judicata bars Mr. Rose's appeal.

## CONCLUSION

We have considered Mr. Rose's remaining arguments and find them unpersuasive. Accordingly, the Final Order of the Merit Systems Protection Board is

## AFFIRMED

### COSTS

Each party shall bear its own costs.