NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JO H. DUBOSE SPENCE,**

*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**

*Respondent*

---

2020-1787

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-20-0069-W-1.

---

Decided: October 8, 2020

---

JO H. DUBOSE SPENCE, Woodbridge, VA, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before TARANTO, CHEN, and STOLL, *Circuit Judges*.

TARANTO, *Circuit Judge*.

Jo H. Dubose Spence worked for the Department of Veterans Affairs (DVA) as a lawyer. In 2018, DVA, after taking several other actions against her for unacceptable performance, removed Ms. Spence from her job. Under 5 U.S.C. § 7701, Ms. Spence filed an appeal to the Merit Systems Protection Board, challenging the removal as an "adverse action" under 5 U.S.C. chapter 75. The Board rejected her challenge, including an affirmative defense—raised under 5 U.S.C. § 7701(c)(2)(B)—that her removal was the result of whistleblower reprisal, both for protected disclosures in violation of 5 U.S.C. § 2302(b)(8) and for protected relief-seeking activity in violation of § 2308(b)(9)(A)(i), (B), (C), or (D). The Board's Removal Appeal decision is not before us. Because Ms. Spence included certain discrimination claims in her Removal Appeal, and wished to press them on judicial review, the forum for review of the Removal Appeal decision was a district court. *See Perry v. Merit System Prot. Bd.*, 137 S. Ct. 1975, 1979–80 (2017); *Kloeckner v. Solis*, 568 U.S. 41, 56 (2012). Her challenge in district court is pending.

Separately from her adverse-action appeal, Ms. Spence pressed whistleblower-reprisal claims by seeking corrective action for certain alleged DVA personnel actions, first filing with the Office of Special Counsel and then filing an Individual Right of Action (IRA) appeal to the Board, under 5 U.S.C. §§ 1214, 1221, 7701. The Board, which has authority to hear IRA appeals under 5 U.S.C. § 7701, rejected Ms. Spence's challenge. As to nearly all of the challenge, the Board ruled that the whistleblower-reprisal claims in the IRA Appeal were barred, under the doctrine of issue preclusion, by the Board's rejection of whistleblower-reprisal defenses in the Removal Appeal. The Board's IRA Appeal decision is properly before us on Ms. Spence's appeal under 5 U.S.C. § 7703(b)(1)(B). We affirm, except in one respect, as to which we vacate and remand.

I

A

In late 2016, while working as a lawyer for DVA, Ms. Spence was assigned new supervisors. Resp. Appx. 26. By mid-2017, a number of performance and conduct issues arose, and Ms. Spence also began the communications and complaints that gave rise to her later whistleblower charges. For example, during 2017, she faced criticism for her litigation choices, *id.* at 28–29, and she was "given a written counseling for conduct unbecoming a Federal employee," Pet. Appx. B. In November, she filed an informal complaint with DVA's Office of Resolution Management. Pet. Appx. G, 11; Resp. Appx. 2. At the end of 2017, Ms. Spence received a performance rating lower than her rating for 2016. Resp. Appx. 38.

The pattern continued in 2018. For example, Ms. Spence received a written performance counseling from her supervisor, who warned Ms. Spence that she was not meeting certain critical as well as non-critical performance standards. *Id.* In mid-May 2018, Ms. Spence filed a complaint with DVA's Office of Inspector General. *Id.* at 61; Pet. Appx. G, 11. At the end of May, DVA (acting through Ms. Cornish) proposed to suspend Ms. Spence for three days, and in mid-June, DVA (acting through Mr. Fleck) decided to impose the suspension; Ms. Spence initiated a grievance proceeding, but in October, DVA (acting through Mr. Hogan) upheld the suspension. Pet. Appx. G, 14.

On September 11, 2018, Ms. Spence received a notice of proposed removal for "unacceptable performance." Resp. Appx. 41. The proposing official (Ms. Cornish) stated that Ms. Spence was "not taking actions needed and supervisory intervention [wa]s more than rare" and identified specific instances, surveyed nine of Ms. Spence's cases and found "only one meets" the standard for quality, and observed that Ms. Spence "fail[ed] to assist client stakeholders," forcing clients to request advice again from another lawyer. *Id.*

at 41–45.  Later in September, Ms. Spence filed a complaint with the Office of Special Counsel challenging various personnel actions including her brief suspension and her proposed removal.  *See id.* at 61.  On October 25, 2018, the deciding official (Mr. Fleck) agreed with the charge of unacceptable performance and removed Ms. Spence from her job.  *See id.* at 45.

B

When Ms. Spence appealed her removal to the Board, she challenged the basis of the removal and asserted three affirmative defenses: (1) discrimination based on her race, sex, and age, or reprisal for her Equal Employment Opportunity complaints alleging discrimination; (2) whistleblower reprisal; and (3) harmful procedural error.  Resp. Appx. 54–63.  On April 26, 2019, after discovery and an evidentiary hearing on the merits, the Board—through an initial decision of an administrative judge that became the Board's final decision—affirmed Ms. Spence's removal.  *Id.* at 22–63; *Spence v. Dep't of Veterans Affairs*, No. DC-0714-19-0123-I-1, 2019 WL 1904397 (M.S.P.B. Apr. 26, 2019).  The Board determined that the agency had met its burden on the charge of unacceptable performance, crediting the supervisors' testimony over Ms. Spence's.  Resp. Appx. 46–53.  The Board also rejected Ms. Spence's affirmative defenses.  In particular, and of importance to the present appeal, the Board made detailed determinations rejecting Ms. Spence's whistleblower contentions, following the established framework (not challenged by Ms. Spence) for adjudicating such contentions even when presented as defenses in adverse-action appeals.  *See Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1364 (Fed. Cir. 2012) (explaining that, for a defense based on 5 U.S.C. § 2308(b)(8), "the former employee must prove by a preponderance of the evidence that he or she made a protected disclosure . . . that was a contributing factor to the employee's termination," and "[i]f the employee establishes this *prima facie* case of reprisal for whistleblowing, the burden of persuasion shifts to the

agency to show by clear and convincing evidence that it would have taken 'the same personnel action in the absence of such disclosure.' 5 U.S.C. § 1221(e)").

In rejecting the whistleblower defense, the Board concluded that the disclosures at issue—Ms. Spence's communications to superiors that questioned the hiring of new attorneys when Ms. Spence's workload was light—were not disclosures protected by 5 U.S.C. § 2308(b)(8). Resp. Appx. 58. The Board reasoned that Ms. Spence had not shown that the DVA actions that were the subject of the communications "violated" a "law, rule, or regulation," *id.*, or that she had a reasonable belief that the new hiring and her light caseload evinced "gross mismanagement or waste of funds," *id.* at 59. The Board credited testimony that the workload of lawyers in Ms. Spence's position "often ebbed and flowed" and that Ms. Spence's workload remained light because she often refused work. *Id.* at 60–61.

The Board next concluded that Ms. Spence had "engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) when she filed a complaint with the Inspector General (IG) regarding the attorney hires in May 2018 and a similar complaint with the Office of Special Counsel (OSC) in September 2018." Resp. Appx. 61. Nevertheless, the Board found that those complaints did not support the whistleblower-reprisal defense. First, the Board found, those complaints were not a contributing factor in the removal proposal or removal decision, because Ms. Cornish was not aware of either complaint before proposing removal and Mr. Fleck did not know, until after the removal decision, that it was Ms. Spence who filed the May 2018 complaint or what the substance of the September 2018 complaint was. *Id.* at 61–62. Second, the Board found, even if it viewed those complaints as contributing factors that shifted the burden to DVA to show "by clear and convincing evidence that it would have taken the removal action even absent the appellant's protected activity," DVA made that showing. *Id.* at 62.

The Board's Removal Appeal decision became final on May 31, 2019. *Id.* at 63. That decision is not before us but is the subject of Ms. Spence's challenge in the U.S. District Court for the District of Columbia. *Spence v. Dep't of Veterans Affairs*, No. 1:19-cv-01947 (D.D.C. June 28, 2019).

C

After the removal was proposed but before she was removed, Ms. Spence filed a complaint with the Office of Special Counsel charging that DVA took "personnel actions" constituting whistleblower reprisal in violation of 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D). *See* Resp. Appx. 61; Pet. Appx. K, 13. About eleven months later, in August 2019, after the Board's Removal Appeal decision had become final, the Office of Special Counsel sent Ms. Spence a letter stating that it had "terminated its inquiry into [her] allegations of" whistleblower reprisal. Pet. Appx. F. In October 2019, Ms. Spence filed her IRA Appeal with the Board under 5 U.S.C. §§ 1214(a)(3), 1221(a), and 7701.

The administrative judge issued an IRA Jurisdictional Order in November 2019, requiring that Ms. Spence establish jurisdiction. *See* Resp. Appx. 2. Ms. Spence responded, and so did DVA, which argued that the Board's Removal Appeal decision precluded Ms. Spence's appeal. *Id.* On December 10, 2019, the administrative judge granted DVA's opposed request to stay discovery. Pet. Appx. I. Two days later, the administrative judge issued an "Order to Show Cause" on "jurisdiction," particularly asking for relevant evidence and argument on issue preclusion. *See* Resp. Appx. 3; Pet. Appx. J. Ms. Spence responded by detailing the disclosures (allegedly within § 2308(b)(8)), protected relief-seeking activities (allegedly within § 2308(b)(9)(A)(i), (B), (C), or (D)), and personnel actions that define her IRA Appeal claims, and how she had administratively exhausted her claims. Pet. Appx. G.

In January 2020, the administrative judge dismissed Ms. Spence's IRA Appeal. Resp. Appx. 1–13; *Spence v.*

*Dep't of Veterans Affairs*, No. DC-1221-20-0069-W-1, 2020 WL 550440 (M.S.P.B. Jan. 27, 2020). The administrative judge concluded that, as to nearly all of Ms. Spence's allegations in the IRA Appeal, the earlier Removal Appeal decision's rejection of Ms. Spence's whistleblower-reprisal defense barred her current challenge under the doctrine of issue preclusion, which generally bars a party's relitigation of an issue that was actually litigated and decided in an earlier adjudicatory proceeding if the adverse determination was essential to the judgment in the earlier proceeding and the claimant had a full and fair opportunity to litigate the issue in that proceeding. Resp. Appx. 7.[1] The administrative judge also observed that one matter raised in the IRA Appeal was not resolved by issue preclusion but could not sustain Ms. Spence's whistleblowing claim. *Id.* at 12.

As to the allegations of protected disclosures within § 2308(b)(8), the administrative judge reasoned that all but one of the asserted communications had been asserted as bases for a whistleblower-reprisal finding in the Removal Appeal and, after full and fair process, had been adjudicated insufficient to support such a finding as an essential part of the judgment, meeting all the requirements for

---

[1]   In a conclusion not challenged by Ms. Spence here, *see* Pet. Br. 6, the administrative judge explained that the Board's Removal Appeal decision was the kind of adjudicatory decision that can support issue preclusion (if the just-noted requirements are met) even while on review in the D.C. District Court because that court will not retry the issue de novo but review the Board's decision on whistleblower reprisal deferentially and on the Board's record. Resp. Appx. 9; *see Butler v. West*, 164 F.3d 634, 639 n.10 (D.C. Cir. 1999) (explaining that whistleblower part of mixed discrimination-whistleblower case is decided using deferential on-the-record review); *Barnes v. Small*, 840 F.2d 972, 979 (D.C. Cir. 1988) (same).

issue preclusion. *Id.* at 8, 10. The administrative judge then observed that one email (dated June 13, 2018), concerning the hiring of other attorneys, is part of the IRA Appeal but was not part of the Removal Appeal. *Id.* at 10. But, the administrative judge concluded, issue preclusion barred liability based on that email too, because the claim as to this email required a subsidiary determination on whether the assertedly protected disclosure in that email met statutory requirements, and the Board had already decided that it did not when adjudicating whether the materially same content was a protected disclosure in other emails that were part of the Removal Appeal. *Id.* at 11. In any event, even apart from issue preclusion, the administrative judge concluded, there was no nonfrivolous basis for characterizing the June 13, 2018 email as reflecting a reasonable belief in a violation of law, rule, or regulation or other wrongdoing, rather than unprotected policy disagreements. *Id.* at 11–12.

As to the allegations of reprisal for protected relief-seeking activity under § 2308(b)(9)(A)(i), (B), (C), or (D), the administrative judge observed that the IRA Appeal involved three complaints Ms. Spence had filed. One was the September 2018 complaint, which, the administrative judge explained, was protected activity under the relevant paragraphs of § 2308(b)(9) but had already been held insufficient to support the whistleblowing defense in the Removal Appeal as not a contributing factor in the removal decision (the only one of the challenged personnel actions that post-dated the September 2018 complaint). *Id.* A second complaint at issue in the IRA Appeal was the May 2018 complaint, which, the administrative judge explained, likewise was protected activity for IRA purposes under § 2308(b)(9), had been ruled on in the Removal Appeal, and could not support liability. Specifically, the May 2018 complaint could not have been a factor in the earlier December 2017 personnel evaluation; and while time alone did not

preclude the May 2018 complaint from being a factor in decisions made after it was filed, the Board had already found in the Removal Appeal decision that, before the removal, Ms. Cornish did not know of the May 2018 complaint and Mr. Fleck did not know that Ms. Spence had filed it. *Id.* at 13.

Although the Board concluded on those bases that issue preclusion thus resolved the claims based on the September 2018 and May 2018 complaints, it recognized that the IRA Appeal involved a third complaint, filed in November 2017, which had not been at issue in the Removal Appeal. Nevertheless, the administrative judge explained, that complaint concerned discrimination, not whistleblowing, and so was plainly outside the portions of § 2308(b)(9) identifying the protected relief-seeking activities for which an IRA Appeal was authorized under § 1221. *Id.* at 12.

For those reasons, the administrative judge concluded that the Board lacked "jurisdiction." *Id.* at 1, 13. The administrative judge's decision became the Board's final decision on March 2, 2020. *Id.*; *see also* 5 U.S.C. § 7701(e). Ms. Spence timely appealed. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(B) and 28 U.S.C. § 1295(a)(9).

II

We review the Board's issue-preclusion ruling de novo. *Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274 (Fed. Cir. 2005); *Rose v. Dep't of Defense*, 705 F. App'x 983, 985 (Fed. Cir. 2017). We review the Board's denial of discovery and an evidentiary hearing on the merits to determine whether they were "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Under the Administrative Procedure Act, in our review "due account shall be taken of the rule of prejudicial error," 5 U.S.C. § 706, which requires that Ms.

Spence show that any error she identifies was not harmless. *See Shinseki v. Sanders*, 556 U.S. 396, 406 (2009).

Challenging the Board's dismissal without an evidentiary hearing and its denial of discovery, Ms. Spence contends that the Board wrongly decided her IRA Appeal as a matter of Board "jurisdiction." In this context, we have long held that the Board's "jurisdiction" requires a "nonfrivolous allegation" that the appellant made disclosures or engaged in other protected activity within 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D), that the disclosures or protected activity were contributing factors in identified "personnel actions," and that the assertions were duly exhausted before the Office of Special Counsel. *See Cahill v. Merit System Prot. Bd.*, 821 F.3d 1370, 1373 (Fed. Cir. 2016); *Morgan*, 424 F.3d at 1273; *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Ms. Spence argues that a decision on issue preclusion is not a decision about the required non-frivolous allegations and hence should not be deemed a matter of jurisdiction.

In this court, DVA recognizes that the jurisdictional label may well have been inaccurate. Resp. Br. 15–16. We need not decide here whether allegations barred by issue preclusion are frivolous for purposes of Board "jurisdiction." It is enough to say that the jurisdictional characterization could not be harmful error, at least in this case, unless Ms. Spence was entitled to discovery or an evidentiary hearing (which she was not given) before the Board could decide that her IRA Appeal failed. Except for the absence of discovery or an evidentiary hearing, Ms. Spence has not identified any way that the jurisdictional characterization caused any harm to her in the result, compared to what it would have been had the Board declared that it had jurisdiction but then proceeded, under a "merits decision" characterization, Resp. Br. 15–16, to conduct the exact analysis it in fact undertook in deciding that the IRA Appeal contained no allegation that could succeed given the Removal Appeal decision.

As to the allegations that the Board addressed, we conclude that Ms. Spence has identified no error in the Board's determination, made without discovery or an evidentiary hearing, that the allegations were insufficient, mostly because of issue preclusion. All but one of the allegations discussed by the Board were held insufficient based on issue preclusion premised on determinations made in the Removal Appeal decision—either about the identical email communications or complaints themselves or about the identical content. The only issue decided by the Board in this IRA Appeal without invoking issue preclusion was the insufficiency of the November 2017 complaint because it was a discrimination complaint and therefore outside § 1221's authorization of IRA Appeals. We see no error in that determination. Accordingly, the remainder of our discussion concerns issue preclusion as a basis for finding all the other IRA Appeal allegations insufficient, even without discovery or an evidentiary hearing.

We have long recognized that the Board may apply ordinary principles of issue preclusion to its own prior decisions. *See Morgan*, 424 F.3d at 1274–75; *Thomas v. Gen. Servs. Admin.*, 794 F.2d 661, 664 (Fed. Cir. 1986); *cf. B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148–49 (2015) (even courts often should give issue-preclusive effect to final agency decisions). Issue preclusion applies not only to ultimate determinations in a prior adjudication but to subsidiary determinations if sufficiently "essential" to the ultimate determinations. *See B & B Hardware*, 575 U.S. at 148; *Papst Licensing GMBH & Co. KG v. Samsung Elecs. America, Inc.*, 924 F.3d 1243, 1250 (Fed. Cir. 2019). We have no contention here that Ms. Spence lacked a full and fair opportunity to litigate the issues in the Removal Appeal or that the Removal Appeal decision may not be given preclusive effect while it is being reviewed in district court. *See supra* n.1; 13 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4433 (3d ed. 2020) ("The Supreme Court long ago seemed to establish the rule

that a final judgment retains all of its res judicata consequences pending decision of the appeal, apart from the virtually nonexistent situation in which the 'appeal' actually involves a full trial de novo. The lower courts have taken the rule as settled ever since." (footnotes omitted)).

The only question, therefore, is whether for each allegation the Board discussed and rejected based on issue preclusion, the Board erred in concluding that success in the IRA Appeal would require a determination on an issue that was resolved against Ms. Spence in the Removal Appeal decision as an essential element of that decision. We see no error in the Board's conclusion on the allegations it addressed. For none of the allegations addressed was discovery or an evidentiary hearing needed before the Board could reach its conclusion.

The legal standards, and most of the determinative reprisal issues, do not differ between the two Board appeals. As to the disclosures, 11 of the 12 emails were specifically found not to be protected disclosures in the Removal Appeal decision. For the new (twelfth) email, the content of that email was materially the same as content in the eleven emails already litigated in the Removal Appeal. The determination as to the eleven necessarily determined the unprotected character of the same content in the twelfth. As to the protected activity, the May and September 2018 complaints were specifically found in the Removal Appeal decision not to have been contributing factors in the removal at issue, based on findings that the proposing and deciding officials for the removal (Ms. Cornish and Mr. Fleck) did not know that Ms. Spence had filed those complaints until after their last actions at issue. In this court, Ms. Spence has not challenged the Board's conclusion that all of those determinations were "essential," under issue-preclusion standards, to the Removal Appeal decision's rejection of the whistleblower affirmative defense. And with one exception, which involves something the Board did not discuss, Ms. Spence has not undermined the Board's conclusion

that the foregoing determinations defeat her current IRA Appeal claims.

The one exception derives from the fact that the only DVA action challenged in the Removal Appeal was the removal, while the IRA Appeal allegations include other DVA "personnel actions." In particular, the three-day suspension—proposed in May 2018, adopted in June 2018, and affirmed in the grievance proceeding in October 2018—is one of the personnel actions challenged in this IRA Appeal. Ms. Spence's enumeration of the disclosures, protected activity, and personnel actions at issue here (in response to the Order to Show Cause) is fairly read as challenging all three aspects of the suspension. *See* Pet. Appx. G, 13–15. While the first two aspects (proposal and adoption) involved the same two officials as the removal, and the Removal Appeal decision's determinations about those officials' knowledge defeats the suspension challenge as to those aspects of the suspension, the October 2018 decision on the internal DVA grievance challenge was made by a third official, Mr. Hogan. *Id.* Mr. Hogan's knowledge of Ms. Spence's complaints was not determined in the Removal Appeal, which did not involve a challenge to the three-day suspension.

In the IRA Appeal, Ms. Spence raised this issue to the Board and specifically stated that, without discovery (which the Board had stayed), or an evidentiary hearing, she could not say what Mr. Hogan knew about her May and September 2018 complaints and at what time. *Id.* at 11, 14. Yet the Board did not address this portion of Ms. Spence's IRA Appeal. In this court, Ms. Spence has raised this issue in her brief on appeal, *see* Pet. Br. 20–21, but DVA has not addressed it. We are in no position to find the Board's omission to be harmless error. *See Becker v. Office of Personnel Mgmt.*, 853 F.3d 1311, 1315 (Fed. Cir. 2017) (harmless-error inquiry asks if "the outcome of the case could have been affected"); *Curtin v. Office of Personnel Mgmt.*, 846 F.2d 1373, 1378–79 (Fed. Cir. 1988) (same). In these circumstances, a partial remand is warranted.

In sum: As to the allegations of violations of § 2308(b)(8), we affirm the Board's decision. As to the allegations of violations of § 2308(b)(9)(A)(i), (B), (C), or (D), which involve three specific complaints, we affirm the Board's decision with respect to the November 2017 complaint, and we also affirm with respect to the May 2018 and September 2018 complaints insofar as the challenged personnel actions were taken by Ms. Cornish and Mr. Fleck. But we vacate the Board's decision to the extent it dismisses the allegations, under § 2308(b)(9)(A)(i), (B), (C), or (D), of personnel actions taken by others in reprisal for the May 2018 and September 2018 complaints, and we remand for further proceedings in that limited respect. It may be that the only matter within the scope of this remand is the matter of Mr. Hogan and his role in the suspension, but we leave it to the Board to determine whether Ms. Spence has properly preserved (in her December 2019 definition of her IRA Appeal claims and on appeal in this court) any other challenge to personnel actions taken by DVA officials other than Ms. Cornish and Mr. Fleck in reprisal for the May 2018 and September 2018 complaints. The remand is limited to such challenges; we are not authorizing expansion of the enumeration of disclosures, protected activity, or personnel actions presented by Ms. Spence in December 2019. We also leave it to the Board to decide in the first instance what further proceedings are needed.

## III

The decision of the Board is affirmed in part and vacated in part, and the matter is remanded to the Board for further proceedings.

The parties will bear their own costs.

**AFFIRMED IN PART, VACATED IN PART, AND
REMANDED**