# United States Court of Appeals for the Federal Circuit

---

**AMANDA E. BECKER,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2016-1365

---

Petition for review of the Merit Systems Protection Board in No. CH-0831-15-0280-I-1.

---

Decided: April 7, 2017

---

JANET A. NAPP, Flood Law PLLC, Royal Oak, MI, argued for petitioner. Also represented by TODD F. FLOOD.

VERONICA NICOLE ONYEMA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before TARANTO, LINN, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge*.

Amanda Becker appeals a decision from the Merit Systems Protection Board (Board) affirming the Office of Personnel Management's (OPM) determination that she was ineligible to receive survivor benefits upon the death of her late husband, Todd Mayberry, under the Federal Employees Retirement System (FERS). Throughout the marriage, Mr. Mayberry was employed by the Federal Bureau of Investigation (FBI) and was covered by FERS. OPM had denied her benefits because she had been married to Mr. Mayberry for less than nine months, which is the statutory minimum for a widow to receive survivor benefits as a result of the death of a civilian federal employee who has at least eighteen months of creditable service under 5 U.S.C. § 8442(b) (2012). Ms. Becker primarily challenges the constitutionality of the provision on appeal. In light of controlling precedent, we *affirm* the Board's decision.

## BACKGROUND

During Mr. Mayberry's tenure with the FBI, he elected Ms. Becker to receive survivor benefits in the event of his death. They were married for less than nine months and had no children together, when Mr. Mayberry passed away due to cancer complications.

Ms. Becker applied for survivor benefits with OPM, but OPM denied her application on the ground that she did not meet the definition of a "widow" under 5 U.S.C. § 8441(1). That definition identifies a widow as a "surviving wife" who: (1) "was married to [the covered decedent] for at least [nine] months immediately before his death" (hereinafter, nine-month requirement); or (2) "is the mother of issue by that marriage" (hereinafter, child-bearing requirement). *Id.* § 8441(1)(A)–(B). She sought reconsideration of that decision, but OPM affirmed its initial decision.

Ms. Becker then appealed to the Board, which referred the appeal to an administrative judge. In the course of her appeal, she attempted to seek discovery. She requested information regarding, inter alia, whether OPM had ever waived the nine-month requirement for prior applicants, and whether OPM had ever sufficiently explained the nine-month requirement to Mr. Mayberry. The administrative judge denied these requests and issued an initial decision, rejecting Ms. Becker's appeal and reiterating OPM's rationale for denying Ms. Becker's application in the first instance. That decision became the final decision of the Board.

Ms. Becker now appeals to us, arguing that: (1) 5 U.S.C. § 8441(1) is unconstitutional; and (2) the Board improperly denied her discovery requests. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2012).

### DISCUSSION

We must affirm a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2012). We review "the Board's determinations of law for correctness, without deference to the Board's decision." *Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003) (quoting *King v. Dep't of Navy*, 130 F.3d 1031, 1033 (Fed. Cir. 1997)).

### A. Constitutionality

Ms. Becker does not dispute that she does not meet the definition of a "widow" under 5 U.S.C. § 8441(1). Rather, she challenges the constitutionality of the provision under the Fifth Amendment, arguing that it interferes with the exercise of her fundamental rights to marry and procreate, and that it arbitrarily discriminates

against widows who do not satisfy the nine-month requirement or the child-bearing requirement. We disagree.

At the outset, we note that Ms. Becker appears to concede that the challenged provision is subject to rational basis review as opposed to the strict scrutiny test. *See* Reply at 5; Appellant Br. at 19. Even without this apparent concession, however, we hold that heightened scrutiny of § 8441(1) is inappropriate here.

In *Weinberger v. Salfi*, the Supreme Court applied rational basis review to a materially identical statutory provision that determined social security insurance benefits for a widow based on, among other criteria, whether the widow had been married to her late husband for at least nine months or whether the widow was a mother of a child to her late husband. *See* 422 U.S. 749, 753–54, 754 n.2, 767–85 (1975). In that case, a widow filed a claim for insurance benefits with the Social Security Administration, but was denied because she had not been married to her late husband for at least nine months. *See id.* at 753–54. The widow challenged the constitutionality of the provision. *See id.* at 753. Despite recognizing the distinctive constitutional status of choices about marriage and family life, the Court determined that rational basis review of the provision was appropriate as the case involved the receipt of public funds under a noncontractual claim. *Id.* at 771, 772. In applying rational basis review, the Court explained that

> [T]he question raised is not whether a statutory provision precisely filters out those, and only those, who are in the factual position which generated the congressional concern reflected in the statute. Such a rule would ban all prophylactic provisions . . . . Nor is the question whether the provision filters out a substantial part of the class which caused congressional concern, or whether it filters out more members of the class than non-

members. The question is whether Congress, its concern having been reasonably aroused by the possibility of an abuse which it legitimately desired to avoid, could rationally have concluded both that a particular limitation or qualification would protect against its occurrence, and that the expense and other difficulties of individual determinations justified the inherent imprecision of a prophylactic rule.

*Id.* at 777. The Court then concluded that there was a rational basis for the statutory requirements for a widow to receive social security benefits, reasoning that

The common denominator of these disjunctive requirements appears . . . to be the assumption of responsibilities normally associated with marriage, and . . . Congress has treated them as alternative indicia of the fact that the marriage was entered into for a reason other than the desire to shortly acquire benefits.

*Id.* at 781.

*Salfi* applies here, even though Ms. Becker's claim for survivor benefits has its roots in a federal employment relationship and even if these benefits could be considered protected as a vested portion of compensation for completed work—that is, her claim is arguably contractual in some sense, but not in others.[1] *See Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985) (well-settled law that "public employment does not[] give rise to a contractual relationship in the conventional sense" (ellipses omitted) (quoting *Shaw v. United States,* 640 F.2d 1254, 1260 (Ct.

---

[1] We note that there was no change of criteria here as the definitions for a "widow" under § 8441(1) were in place and have not changed since Mr. Mayberry began his federal employment.

Cl. 1981))); *see also Schism v. United States*, 316 F.3d 1259, 1274–75 (Fed. Cir. 2002). Ms. Becker has not supplied any persuasive reason to depart from *Salfi*. The concern about the spending of public funds is present, and so the rationale for permitting Congress to use an imprecise set of criteria as a proxy for "the assumption of responsibilities normally associated with marriage" carries the day. 422 U.S. at 781.

In light of *Salfi*, Ms. Becker acknowledged at oral argument that her constitutional challenge to § 8441(1) fails unless the Supreme Court displaced this precedent when it recently held that the Constitution precludes states from denying same-sex couples the right to marry in *Obergefell v. Hodges*, __ U.S. __, 135 S. Ct. 2584, 2604–05 (2015). We see no such displacement. Nothing in *Obergefell* changes the required approach to evaluating the kind of line-drawing for eligibility for public funds that is presented here. *Obergefell* did not involve such a measure; it involved state bans on recognition of same-sex marriages. We cannot take *Obergefell* as altering the applicability of *Salfi*. Accordingly, we hold that 5 U.S.C. § 8441(1) does not violate the Constitution.

## B. Discovery

We next turn to Ms. Becker's discovery arguments.

"Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the [B]oard and its officials." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988). We cannot overturn their decisions "on such matters unless an abuse of discretion is clear and is harmful." *Id.* "If an abuse of discretion did occur with respect to the discovery and evidentiary rulings," then there must be proof of an error that "caused substantial harm or prejudice" such that the outcome of the case could have been affected. *Id.* at 1379.

According to Ms. Becker, the Board improperly refused her discovery into instances in which OPM may have waived the nine-month requirement under § 8441(1)—instances she hoped would supply a predicate for a claim of arbitrary enforcement. But Ms. Becker had no basis to request this discovery as she had no reasonable belief that any such instances occurred. *See* Oral Argument at 10:28–12:11, http://oralarguments.cafc. uscourts.gov/default.aspx?fl=2016-1365.mp3 (only "heard" that OPM had waived nine-month requirement in the past, but had "no inside information" and it "[was not] something that [she] could verify"). Moreover, even if OPM had provided survivor benefits in other instances where the statute barred it from doing so, OPM was still required to follow the statutory requirements when reviewing Ms. Becker's application. *See Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 424–26 (1990) (explaining that equitable doctrine of estoppel cannot be used to access funds that Congress has not authorized). We see no abuse of discretion in denying this discovery request.

Finally, Ms. Becker claims that the Board also improperly denied her discovery as to whether OPM sufficiently informed Mr. Mayberry about the nine-month requirement. We fail to see any error in denying this discovery, especially where Ms. Becker "stipulated that Mr. Mayberry submitted all of the proper elections to ensure that [she] received survivor benefits." J.A. at 6. Mr. Mayberry's potential unfamiliarity with the statutory requirements contained in the election forms he signed does not provide a basis for waiving those requirements.

Ms. Becker's reliance on *Simpson v. Office of Personnel Management*, 347 F.3d 1361 (Fed. Cir. 2003), is misplaced. *Simpson* involved the sufficiency of OPM's annual annuity notices sent pursuant to 5 U.S.C. § 8339 (2000), which assigns OPM the duty to provide each eligible employee an annuity notice annually. *See Simpson*, 347 F.3d at 1364. No such comparable notice provision for

explaining the requirements of § 8441(1) for survivor benefits exists under FERS. Therefore, Ms. Becker has not demonstrated that the Board abused its discretion.

### CONCLUSION

For the preceding reasons, we *affirm* the decision of the Board.

### COSTS

No costs.