NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICARDO J. RIVERA,**

*Petitioner*

**v.**

**SOCIAL SECURITY ADMINISTRATION,**

*Respondent*

---

2017-1585

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-15-0053-I-l.

---

Decided: July 14, 2017

---

RICARDO J. RIVERA, Orlando, FL, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by PATRICIA M. MCCARTHY, ROBERT E. KIRSCHMAN, JR., CHAD A. READLER.

---

Before PROST, *Chief Judge,* CHEN and HUGHES, *Circuit Judges.*

PER CURIAM.

Ricardo Rivera was removed from his position as a Translator for the Social Security Administration. On appeal, he makes a number of arguments for why the Merit Systems Protection Board improperly sustained his removal, but his primary arguments focus on a lack of due process in the agency removal process and at the board hearing because he lacked proficiency in English—a somewhat ironic contention given that he was employed as an English/Spanish Translator. Because substantial evidence supports the Board's finding that Mr. Rivera is English-proficient as well as the facts underlying the removal, we affirm.

I

As noted, Mr. Rivera was employed at the Social Security Administration as a Translator. That position required him to possess knowledge of both Spanish and English equivalent to that of a native speaker. He was removed from his Translator position on September 26, 2014, based on charges that he shouted at his supervisor and mentor during a performance review, made a threatening remark to his supervisor, was absent without leave, and provided false information to a superior.

Mr. Rivera appealed his removal to the Merit Systems Protection Board. During his appeal, Mr. Rivera requested the assistance of an interpreter. The Administrative Judge initially denied that request, but eventually granted him an interpreter to aid only with the hearing. However, after Mr. Rivera provided false information in response to why he failed to appear for two scheduled prehearing conferences, the Administrative Judge sanctioned Mr. Rivera by cancelling the hearing. The Administrative Judge also sanctioned Mr. Rivera for repeatedly failing to comply with discovery orders by denying him the opportunity to assert additional affirmative defenses and to submit evidence of his existing affirmative defenses.

Based on the written record, the Administrative Judge found evidence sufficient to support the Agency's charges. The Board affirmed the decision and Mr. Rivera appeals.

We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We may set aside a Board decision only when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.'" 5 U.S.C. § 7703(c). "Substantial evidence is more than a mere scintilla of evidence, but less than the weight of the evidence." *Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016) (internal citations and quotation marks omitted). To find an abuse of discretion, we must find an error caused substantial harm or prejudice "such that the outcome of the case could have been affected." *Becker v. Office of Pers. Mgmt.*, 853 F.3d 1311, 1315 (Fed. Cir. 2017).

## A

Mr. Rivera first claims that his Fifth Amendment Due Process rights were violated when he was denied an interpreter during his initial removal proceedings. The Due Process Clause requires that employees removed from federal service receive notice of the charges underlying their removal and an opportunity to respond to those charges. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546–48 (1985). Although Mr. Rivera was provided with all the materials forming the basis of his removal and given time to respond, he argues that his notice and opportunity to respond were insufficient because the Agency did not afford him the aid of an interpreter.

The Board concluded that Mr. Rivera's removal satisfied the requirements of the Fifth Amendment Due Pro-

cess Clause because the lack of an interpreter did not hamper his ability to respond to the proposed removal. Substantial evidence supports this finding because his position as a Translator required him to possess "knowledge of both English and Spanish at the level of a native-born speaker." Resp. Appx. (R.A.) 54. Likewise, there is additional evidence that Mr. Rivera was proficient in English. For example, he did not request an interpreter during his proposed removal proceedings, but managed to respond to the charges and to correspond with the deciding official in coherent English. *See* R.A. 116–18, 132–36, 138, 148. Because substantial evidence supports the conclusion that Mr. Rivera was capable of comprehending and responding to the evidence forming the basis of his removal, we affirm the Board's conclusion that the removal did not violate his Due Process rights.

Mr. Rivera also contends that the Administrative Judge abused her discretion when she denied his request for an interpreter to aid him during his appeal. He claims that Executive Order No. 13166, titled "Improving Access to Services for Persons with Limited English Proficiency (LEP)," entitles him to an interpreter. 65 Fed. Reg. 50,121, 50,121 (Aug. 11, 2000). Executive Order No. 13166 does not provide criteria to determine who qualifies as a person with limited English proficiency. *Id.* Instead, Mr. Rivera and the Board both relied on the definition found on LEP.gov, which provides that LEP individuals are those who "do not speak English as their primary language and who have a limited ability to read, speak, or understand English." https://www.lep.gov/faqs/faqs.html (last visited June 23, 2017).

Further, Mr. Rivera contends that it was an abuse of discretion to impose sanctions because his failure to comply with discovery orders was due to his limited English proficiency. Based on the evidence that Mr. Rivera can read, write, speak, and understand English, we find that the Administrative Judge did not abuse her

discretion in denying Mr. Rivera an interpreter or imposing sanctions.

## B

Mr. Rivera also broadly challenges the sufficiency of the evidence supporting his removal, claiming that he did not engage in the conduct leading to his removal. But we conclude that substantial evidence supports the Board's finding that Mr. Rivera engaged in the alleged conduct that led to his removal. R.A. 69–81, 93–96.

## III

We have considered Mr. Rivera's remaining arguments but find them unpersuasive. Because the Board's decision is supported by substantial evidence and free from legal error, we affirm.

## **AFFIRMED**

No costs.