NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**TINA M. SIMMONS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2022-2238

_____

Petition for review of the Merit Systems Protection Board in No. SF-0842-16-0701-I-1.

_____

Decided:  April 5, 2023

_____

TINA SIMMONS, Los Angeles, CA, pro se.

STEPHEN J. SMITH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

_____

Before DYK, MAYER, and REYNA, *Circuit Judges*.

PER CURIAM.

Tina Simmons appeals a decision from the Merits Systems Protection Board affirming the Office of Personnel Management's denial of her request for credit under the Federal Employees' Retirement System. We affirm.

### FEDERAL EMPLOYEES' RETIREMENT SYSTEM

In 1986, Congress created the Federal Employees' Retirement System ("FERS"). *See generally King v. Merit Sys. Prot. Bd.*, 105 F.3d 635, 636 (Fed. Cir. 1997); Off. of Pers. Mgmt., *FERS Information*, https://www.opm.gov/retirement-center/fers-information/eligibility/ (last visited Mar. 20, 2023).

Under the FERS system, retired federal employees may receive a monthly annuity based on the amount of "creditable service" they have accumulated. *See* 5 U.S.C. § 8411(b)(3). Under 5 U.S.C. § 8411(f)(2):

> An employee . . . may not be allowed credit . . . for [creditable] service . . . for which retirement deductions . . . have not been made, unless such employee . . . deposits an amount equal to 1.3 percent of basic pay for such service, with interest.

To receive benefits under the FERS, an employee must pay into the system. *See id.* If deductions were not withheld from the employee's salary for a period of service, to have that period count towards the employee's FERS annuity, the employee must pay a "deposit," as calculated in Section 8411(f)(2). *Id.*; *see also King*, 105 F.3d at 637 (explaining that the Office of Personnel Management ("OPM") administers the FERS).

Appellant Simmons requested to be allowed to pay a FERS deposit in installments. The OPM denied the request, explaining that it would only accept a single, lump-sum payment. Simmons disputed the OPM's decision and informed the OPM that she would not pay a deposit. As a result, Simmons's monthly annuity is lower than what it

would be had she paid the deposit per the OPM's instructions.

## BACKGROUND

### Proceedings Before the OPM

Simmons began working for the Department of Justice ("DOJ") in 1982. SAppx14.[1] Before she retired, Simmons received and signed a Standard Form (SF) 3107-1, Certified Summary of Federal Service. SAppx2. The form indicated that Simmons was missing out on potential retirement benefits for four periods of employment between June 21, 1982, and September 30, 1988. *Id.* The form explained that for these periods no retirement deductions from her salary were withheld and no deposits had been made. *Id.* Since she hadn't made retirement contributions for these periods, her monthly annuity was going to be lower than it could have been had she made the retirement contributions. *Id.*

On May 31, 2014, Simmons retired on disability. *Id.* On June 16, 2014, Simmons submitted a SF-3108, Application to Make Service Credit Payment to the OPM. *Id.* In this form, she expressed an intent to make the deposit for the four periods of prior service. *Id.*

On September 27, 2014, the OPM notified Simmons that she had 30 days to make the required deposit of $1,189 and that an election not to do so would be irrevocable. SAppx2–3. The notice also provided instructions for how to make the deposit. SAppx15. OPM's notice explained that if Simmons made the deposit, her monthly retirement annuity would increase from $1,131 to $1,270. SAppx3. Finally, OPM's notice stated, "[i]nstallment payments are not permitted." SAppx15.

---

[1]    "SAppx" refers to the OPM's supplemental appendix.

On October 29, 2014, Simmons responded that she would make the deposit. SAppx3. Contrary to OPM's September 27 instructions, Simmons sought to make the payment in installments. *Id*. She stated this was necessary due to "financial hardship." *Id*.

The OPM responded on November 8, 2014 with a notice identical to the September 27 notice, except that it stated that the total deposit amount due was $1,729.[2] *Id*.; *see also* SAppx15. The notice repeated that Simmons could not pay the deposit in installments. SAppx15. Simmons did not pay the deposit, and on December 22, 2014, the OPM informed Simmons that her retirement annuity would not increase. SAppx3.

On September 18, 2015, and February 24, 2016, Simmons submitted reconsideration requests to the OPM. *Id*. The OPM reopened the case on June 18, 2016. *Id*. The OPM again indicated that a deposit of $1,729 would increase Simmons's monthly retirement annuity from $1,131 to $1,270. *Id*.

On June 30, 2016, the OPM informed Simmons that she had a final 45-day period to pay the full deposit. *Id*. On July 14, 2016, Simmons spoke with an OPM representative over the telephone and told the representative that she would not make the deposit. *Id*. She requested that the OPM waive the deposit requirement. *Id*.

On July 21, 2016, the OPM issued its final decision, prior to the expiration of the 45-day period, stating that Simmons's annuity had been finalized without the service credit for the four periods because Simmons had not paid the required deposit and interest. SAppx3–4.

---

[2]    The record does not indicate why the OPM increased the total deposit amount, and Simmons does not challenge the increase as improper.

Merit Systems Protection Board Decisions

Simmons timely appealed the OPM's decision to the Merit Systems Protection Board ("MSPB"). The MSPB affirmed the OPM's determination in an initial decision reached by an administrative judge ("AJ"), which was then affirmed by a three-member panel in the MSPB's final order.

The AJ found that Simmons "failed to meet her burden of proving she is entitled to service credit under FERS for her service prior to October 1, 1988 as it is undisputed that [Simmons] failed to make the requisite deposit after being given multiple opportunities to do so." SAppx18. He explained "that OPM has no discretion to waive the requirements for deposit for nondeduction service nor is there any statutory or regulatory provision for paying for such deposit in installments." *Id.*

The AJ also rejected Simmons's argument that "the agency engaged in harmful procedural error." SAppx19; *see* 5 C.F.R. § 1201.4(r) ("Error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. The burden is upon the appellant to show that the error was harmful, i.e., that it caused substantial harm or prejudice to his or her rights."). The AJ explained that Simmons "failed to identify any regulation that the agency purportedly violated." *Id.* Moreover, the initial decision discussed that Simmons was given multiple notices, beginning in 2012, that she was required to pay the deposit. *Id.*

The AJ further rejected Simmons's argument that the OPM deprived her of "minimum due process." SAppx20. The AJ found no due process violation because "the [OPM] put [Simmons] on notice of the consequences of her failing to make a deposit for her non-deduction service" and Simmons "made a knowing decision not to pay the deposit." *Id.* The AJ went on to explain that Simmons was notified of

the OPM's initial decision, given the opportunity to request reconsideration, and provided a final decision. SAppx20–21.

Simmons then petitioned for review of the MSPB's initial decision. SAppx1. In a final order, the three-member panel affirmed the AJ's decision. SAppx2. The panel rejected Simmons's argument that the OPM should have allowed her to make her deposit in installments due to financial hardship because Simmons did "not identif[y] any statute or regulation that would have required OPM to offer her the opportunity to pay the deposit in installments."[3] SAppx6.

In sum, the MSPB affirmed the OPM's denial of Simmons's request to pay the FERS deposits. Simmons appeals the MSPB's determination to us. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

---

[3] The panel agreed with the AJ's initial decision concerning other issues. The panel rejected several arguments concerning the adequacy of the record. SAppx5, 7–8. It also decided that the OPM did not violate Simmons's due process rights because Simmons "received notice setting forth the procedures to follow in making a deposit several times." SAppx6. The panel further rejected Simmons's argument that the OPM "failed to honor the 45-day response period set forth in its June 30, 2016 letter" because Simmons forfeited this argument by not raising it before the AJ and because Simmons told the OPM before that response period expired that she would not pay the deposit. SAppx6–7.

## STANDARD OF REVIEW

We review MSPB decisions for whether they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The MSPB's legal determinations are reviewed de novo. *Becker v. Off. of Pers. Mgmt.*, 853 F.3d 1311, 1313 (Fed. Cir. 2017).

## DISCUSSION

On appeal, Simmons largely repeats the arguments the MSPB rejected. We affirm the MSPB because Simmons has identified no legal error, and substantial evidence supports the MSPB's findings.

First, Simmons argues that she should have been allowed to pay her deposit in installments. Op. Br. at 4–7. She asserts that "making a lump sum payment would have presented a financial hardship." *Id.* at 7. She also explains that the OPM failed to follow guidance articulated in a document entitled "Information About Service Credit Payments," which she believes supports her request to pay in installments. *Id.* at 4–5.

While we are sympathetic to Simmons's circumstances, she has identified no statute or regulation requiring the OPM to accept deposit payments in installments, even where the employee is suffering "financial hardship."[4] *See*

---

[4] Likewise, to the extent that Simmons is still requesting that the OPM should have waived the deposit requirement, she has provided no authority indicating that this would be permissible. *See* Reply Br. at 2; 5 U.S.C. § 8411(f)(2); *Schoemakers v. Off. of Pers. Mgmt.*, 180 F.3d 1377, 1382 (Fed. Cir. 1999) ("Neither courts nor administrative agencies . . . have the authority to waive

*id.* Regarding the guidance document, Simmons has not explained how it supports her position or how it would be binding. *Adams v. U.S.*, 59 F.4th 1349, 1350 (Fed. Cir. 2023) (discussing a non-binding OPM memorandum (en banc)).

Second, Simmons argues that the OPM failed to "comply with its own regulations" and did not follow "its procedures." Form 11 at p.2. Simmons argues that the OPM wrongly "[f]inalized her [annuity] before the 45 day response period set forth in its June 30, 2016 letter giving her a final opportunity to make a deposit." Op. Br. at 4.

Simmons has not identified any regulatory or procedural violation. She also did not dispute before the MSPB that after the OPM gave her 45 days to pay the deposit, she told the OPM that she would not pay.[5] SAppx7. The OPM did not err by relying on Simmons's waiver.

Third, Simmons argues that the OPM delayed in "denying her request to pay the deposit." Op. Br. at 4. We

---

requirements . . . that Congress has imposed as a condition to the payment of federal money.").

[5]   On appeal, Simmons states, "I don't recall stating that I would not be making the deposit." Op. Br. at 5. She does not dispute, however, the MPSB's explanation that Simmons did not raise this argument before the MSPB. *See* SAppx7 ("The appellant has not disputed OPM's account of the July 14, 2016 telephone call or argued that she would have made the full deposit had she been afforded the full 45 days in which to respond."). We decline to consider this argument—which would require making factual findings as to the substance of her call with the OPM—for the first time on appeal. *Cal. Ridge Wind Energy LLC v. U.S.*, 959 F.3d 1345, 1351 (Fed. Cir. 2020) ("We may deem an argument forfeited when a party raises it for the first time on appeal." (collecting cases)).

disagree because she has not shown any delay by the OPM. The record shows that the OPM diligently provided Simmons multiple notices over several years explaining that she had to pay the deposit. Also, Simmons did not dispute before the MPSP that she refused to pay the deposit.

## CONCLUSION

The MSPB's decision is supported by substantial evidence and not legally erroneous. We have considered Simmons's remaining arguments, including those concerning due process and the MSPB's evidentiary determinations, and find them unpersuasive. We affirm.

## **AFFIRMED**

## COSTS

No costs.