NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARTIN AKERMAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1913

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-22-0639-I-1.

---

Decided:  April 15, 2025

---

MARTIN AKERMAN, I, Arlington, VA, pro se.

DEANNA SCHABACKER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before PROST, REYNA, and TARANTO, *Circuit Judges*.

PER CURIAM.

In 2021, Martin Akerman, then an employee of the Air Force, filed a complaint with the United States Office of Special Counsel (OSC), alleging that the Air Force took retaliatory actions against him in violation of whistleblower-protection laws, 5 U.S.C. § 2302(b)(8) and (b)(9). OSC terminated its inquiry without providing the requested relief. Mr. Akerman also pursued another potential route for relief—through the Department of Defense (Defense) Office of Inspector General (Defense OIG). When Defense OIG declined to open an investigation, he asked the Intelligence Community Office of the Inspector General (Intelligence OIG) to review the Defense OIG decision, but it declined. Mr. Akerman then appealed to the Merit Systems Protection Board (Board), but the Board-assigned administrative judge dismissed Mr. Akerman's appeal for lack of jurisdiction, Board Supplemental Appendix (S. Appx.) at 10–22, and the full Board affirmed the administrative judge's decision, which became the final decision of the Board, S. Appx. 1–3. We now affirm.

I

In 2021, Mr. Akerman was employed as a Supervisory Information Technology Specialist in the Chief Data Office of the Air Force. S. Appx. 43, 54. Starting in May 2021, Mr. Akerman told employees throughout the Air Force of his belief that certain officials were unlawfully reorganizing the staffing in the Chief Data Office. S. Appx. 38–39, 43. In July 2021, Mr. Akerman was selected to be the Chief Data Officer of the National Guard Bureau and was tentatively offered the job, conditional at least in part on his obtaining a top-secret security clearance. S. Appx. 37. Before his scheduled transfer into the new job, however, Defense informed Mr. Akerman and the Air Force of its intent to revoke his security clearance and access to confidential information. *See* S. Appx. 54, 59.

On August 26, 2021, Mr. Akerman filed a whistle-blower complaint with OSC, alleging that Air Force

officials took retaliatory actions against him in violation of 5 U.S.C. § 2302(b)(8) and (b)(9). S. Appx. 43, 53. On February 28, 2022, OSC sent a letter to Mr. Akerman stating that it had terminated its inquiries into his allegations against Air Force officials as well as retaliatory-action allegations he had made against National Guard Bureau officials (after August 26, 2021).[1] S. Appx. 43–44. The OSC letter also notified Mr. Akerman that he could appeal to the Board for corrective action, invoking the individual right of action (IRA) under 5 U.S.C. §§ 1214(a)(3) and 1221, and that including the OSC letter with such an appeal could "help show that you have exhausted OSC's administrative procedures." S. Appx. 43–44.

Mr. Akerman also sought whistleblower relief through two other routes, pursuant to Presidential Policy Directive 19, *Protecting Whistleblowers with Access to Classified Information* (PPD-19) (October 10, 2012), but he did not do so until the very end of February 2022 (either February 27 or 28), and OSC did not have before it any PPD-19 decision when it terminated its inquiry into the above-noted complaints. *See* S. Appx. 14, 57–58, 61; Informal Opening Brief at 8. In particular, Mr. Akerman filed a complaint with Defense, alleging that officials at the National Guard Bureau restricted his access to confidential information in reprisal for his protected disclosures. S. Appx. 58, 61. On May 19, 2022, Defense OIG declined to open an investigation into his reprisal complaints. S. Appx. 58–59.

---

[1] Before filing the OSC complaint relevant to this appeal, Mr. Akerman filed three other complaints with OSC (on June 16, July 1, and August 11, 2021), alleging that Air Force officials were retaliating against him. S. Appx. 39–41. After filing this August 26, 2021 complaint, Mr. Akerman also alleged that the National Guard Bureau, upon hearing of his OSC complaint, took retaliatory actions against him. S. Appx. 43–44.

Mr. Akerman then submitted to Intelligence OIG a request for external review of Defense OIG's decision, pursuant to Section C of PPD-19 and 50 U.S.C. § 3236. S. Appx. 55–58. On September 8, 2022, Intelligence OIG denied Mr. Akerman's request. S. Appx. 58–59.

On September 12, 2022, Mr. Akerman appealed to the Board, explaining that "[t]he [Intelligence Community] has completed the review of the PPD-19 petition for review and there appears to be no further recourse," and thus he was "[b]ringing back [the appeal] to MSPB under the" whistleblower statutes. S. Appx. 52. On September 14, 2022, the Board-assigned administrative judge ordered Mr. Akerman "to file evidence and argument to prove that the Board has jurisdiction over his appeal." S. Appx. 45–48. Mr. Akerman responded, stating that his new appeal was an IRA appeal that was "a continuation of matters covered in" other IRA appeals he filed with the Board. S. Appx. 33–34.

On October 28, 2022, the administrative judge dismissed Mr. Akerman's appeal for lack of jurisdiction. S. Appx. 10–15. Mr. Akerman petitioned for review of that decision (the initial decision), stating that "[t]his appeal is a continuation of PPD-19 claims which were brought back to MSPB under authority granted to handle 2302(b)(8) claims." S. Appx. 27–30. He also filed two motions for leave to file new evidence. *See* S. Appx. 2 n.3. On May 29, 2024, the Board denied the petition for review and affirmed the administrative judge's initial decision, which became the final decision of the Board. S. Appx. 1–3. Mr. Akerman timely appealed.

## II

"We review de novo whether the Board has jurisdiction over an appeal." *Smolinski v. Merit Systems Protection Board*, 23 F.4th 1345,1350 (Fed. Cir. 2022) (citations omitted). "A petitioner bears the burden of establishing that the Board has jurisdiction by a preponderance of the

evidence." *McCarthy v. Merit Systems Protection Board*, 809 F.3d 1365, 1373 (Fed. Cir. 2016) (citing *Serrao v. Merit Systems Protection Board*, 95 F.2d 1569, 1573 (Fed. Cir. 1996) (citing 5 C.F.R. § 1201.56(a)(2))). We may set aside the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We decide legal issues de novo and review Board findings of fact for sub-stantial-evidence support. *McIntosh v. Department of Defense*, 53 F.4th 630, 638 (Fed. Cir. 2022). We see no basis for setting aside the Board's decision.

## A

Although Mr. Akerman filed his appeal in this court pursuant to 5 U.S.C. § 7703(b)(1), he argues that this is a "mixed case"—one involving certain discrimination claims presented to the Board in an otherwise-authorized appeal to the Board. Informal Opening Brief at 5; *see also* Petitioner's Appendix (Appx.) at 23–28. Review of Board decisions in a mixed case is available only in district court because a mixed case falls within the exception to our review authority stated in § 7703(b)(1)(A) and (b)(2) (referring to 5 U.S.C. § 7702). *See Perry v. Merit Systems Protection Board*, 582 U.S. 420, 425–27, 432 (2017); *Ash v. Office of Personnel Management*, 25 F.4th 1009, 1011 (Fed. Cir. 2022). We conclude that this is not a mixed case, so we have jurisdiction to review the Board's decision.

Mr. Akerman contends that the evidence he provided in response to the Board's September 2022 order "shows discriminatory animus, and entitles [him] to mixed case considerations." Informal Opening Brief at 5 (citing 29 C.F.R. § 1614.302(a)(2)); *see also* Informal Reply Brief at 6. He has attached to his brief in this court a copy of a notice of intent to file a civil action against Defense that he sent to the Equal Employment Opportunity Commission

(EEOC) in June 2022, as well as the EEOC's letter acknowledging receipt of his notice. Appx. 23–34, 27. On July 7, 2024, Mr. Akerman also filed in this court a Statement Concerning Discrimination, pursuant to Federal Circuit Rule 15(c), indicating that he claimed he was discriminated against before the Board and that he did not wish to abandon his discrimination claims. ECF No. 13.

These assertions do not show that Mr. Akerman's appeal meets the preconditions to being a mixed case, which depends on the nature of the contentions made to the Board. *See* 5 U.S.C. §§ 7702(a)(1), 7703(b)(2). He has not established that he actually presented a claim of covered discrimination to the Board in connection with the challenged agency actions, *i.e.*, the Defense OIG and Intelligence OIG decisions. *See* S. Appx. 27–61; *see also Akerman v. Merit Systems Protection Board*, No. 23-2216, 2023 WL 8637562, at *1 (Fed. Cir. Dec. 14, 2023) (in dismissing for lack of finality, concluding that Mr. Akerman did not present a claim of covered discrimination to the Board). He also has not established that either of the two OIG decisions at issue meet the mixed-case requirement that the challenged agency action be one that, if the employee's allegations were true, would be appealable to the Board. 5 U.S.C. § 7702(a)(1)(A); *see Ash*, 25 F.4th at 1011; *Perry*, 582 U.S. at 424–25; S. Appx. 12–13. In particular, the two OIG decisions are not appealable to the Board under 5 U.S.C. ch. 75 or other provisions granting the Board jurisdiction. *See, e.g.*, 5 U.S.C. § 7512; 5 C.F.R. § 1201.3. And an IRA appeal is not a "mixed case": Discrimination claims may not be raised in IRA appeals, as "the Board's review is limited to the merits of allegations of violations of" whistleblower protections. *Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1327 (Fed. Cir. 2020); *see* 5 C.F.R. § 1209.2(c); 5 U.S.C. § 1221(e). Accordingly, review here is available under 5 U.S.C. § 7703(b)(1)(A), and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

B

In dismissing Mr. Akerman's challenge to the Intelligence OIG decision (declining to review the Defense OIG decision), the Board ruled that Mr. Akerman had not exhausted his remedies with OSC and, partly for that reason, had not established Board jurisdiction. S. Appx. 13–14; *see also* S. Appx. 3. We reject Mr. Akerman's challenge to that conclusion. We also reject his request for a default judgment and find no Board abuse of discretion on the discovery and evidentiary matters he identifies.

The Board's jurisdiction is limited to circumstances in which the party seeking relief "has the right to appeal directly . . . under any law, rule, or regulation." 5 U.S.C. § 1214(a)(3); *see also* 5 U.S.C. § 7701(a); 5 C.F.R. § 1201.3(a); *McCarthy*, 809 F.3d at 1373–74. Here, Mr. Akerman did not identify to the Board any law, rule, or regulation outside the IRA provisions, 5 U.S.C. §§ 1214, 1221, that might support Board review of the OIG decisions declining review of the information-access denials that threatened his eligibility for a tentatively offered position and for continued employment: Such decisions are simply "not among the listed bases" for a right of appeal to the Board. S. Appx. 46 (citing 5 C.F.R. § 1201.3); *see also* S. Appx. 12 (same); S. Appx. 37, 43–44. As for the IRA appeal rights, Mr. Akerman did invoke them before the Board, but the Board properly ruled that Mr. Akerman's "asserted IRA appeal . . . is premature." S. Appx. 14. Mr. Akerman had not met the IRA requirement of OSC exhaustion for his present challenge to the Defense OIG and Intelligence OIG decisions on Mr. Akerman's request for PPD-19 relief. *See* S. Appx. 14.

More specifically, in IRA appeals invoking whistleblowing protections, the Board has jurisdiction only if the employee exhausted his or her remedies with OSC before filing the IRA. 5 U.S.C. § 1214(a)(3); 5 C.F.R. § 1209.2(b)(1); *see Yunus v. Department of Veterans Affairs*,

242 F.3d 1367, 1371 (Fed. Cir. 2001); *Young*, 961 F.3d at 1328. To do so, the employee must "'articulate with reasonable clarity and precision [before the OSC] the basis for his request for corrective action under the [whistleblower protection laws]' to allow OSC to effectively pursue an investigation." *McCarthy*, 809 F.3d at 1374 (second alteration added) (citation omitted). Mr. Akerman does not dispute that, to meet the IRA exhaustion requirement, he needed to bring the decisions made by the Defense OIG and Intelligence OIG to the attention of OSC. Informal Opening Brief at 2, 8–10. Here, Mr. Akerman did not even seek PPD-19 relief from Defense OIG until the day before or of the OSC termination-of-inquiry letter, and neither the Defense OIG nor the Intelligence OIG decision even existed before the OSC letter was issued, let alone was the subject of that letter.[2] S. Appx. 43–44, 57, 61; Informal Opening Brief at 8. Nor did Mr. Akerman provide any evidence that required the Board to find that he later exhausted OSC processes for the present challenge. We conclude that the Board reasonably found that Mr. Akerman had not exhausted before OSC his claim relating to the agency actions involved in this appeal. *See Smolinski*, 23 F.4th at 1353.

Mr. Akerman now argues that the Board had jurisdiction because 50 U.S.C. § 3341(j)(8)'s prohibition of retaliatory revocation of security clearances and access determinations "creates a duty for MSPB to defend [him]" and because his claims are covered under the Uniformed Services Employment and Reemployment Rights Act (USERRA) of 1994. Informal Opening Brief at 4–8 (citing 38 U.S.C. §§ 4301–4333). Those arguments are not

---

[2]    The OSC closure letter concerned matters that are the subject of a separate IRA appeal, MSPB Docket No. DC-1221-22-0445-W-1. *See* S. Appx. 37–42.

properly before this court here.[3] Mr. Akerman did not raise either argument in his appeal to the administrative judge (which suffices for a determination of forfeiture), S. Appx. 50–61, in his jurisdictional response, S. Appx. 31–44, or in his petition to the Board for review, S. Appx. 27–30. *See Sistek v. Department of Veterans Affairs*, 955 F.3d 948, 953 n.1 (Fed. Cir. 2020) (holding that appellant's "argument that the allegedly retaliatory investigation separately violates" a different statute is "forfeited for failure to present it to the Administrative Judge in the first instance" (citing *Bosley v. Merit Systems Protection Board*, 162 F.3d 665, 668 (Fed. Cir. 1998))); *see also id.* at 958 n.2; *Conant v. Office of Personnel Management*, 255 F.3d 1371, 1375 (Fed. Cir. 2001). We conclude that Mr. Akerman's arguments about 50 U.S.C. § 3341(j)(8) and USERRA do not establish reversible error in the Board's decision.

Nor is reversible error shown by Mr. Akerman's arguments that he is entitled to default judgment because the agency never responded to the administrative judge's jurisdictional order, that he is entitled to discovery and evidence, and that "[n]ew evidence, repeatedly rejected . . . , authoritatively shows retaliatory animus on the part of the agency." Informal Opening Brief at 10–11. The jurisdictional order mandated only that Mr. Akerman respond,

---

[3] Mr. Akerman presented these claims in two other IRA appeals, *Akerman v. Department of the Air Force*, MSPB Docket No. DC-1221-22-0445-W-1, and *Akerman v. Department of the Army*, MSPB Docket No. DC-1221-22-0257-W-1. In both cases, Mr. Akerman petitioned this court to review the Board's decisions, and we dismissed the petitions for lack of final decisions. Order, *Akerman v. Merit Systems Protection Board*, No. 24-1914 (Fed. Cir. Oct. 23, 2024), ECF No. 24; Order, *Akerman v. Merit Systems Protection Board*, No. 24-1915 (Fed. Cir. Oct. 23, 2024), ECF No. 26.

which is consistent with the burden that he bears in establishing jurisdiction. S. Appx. 48 ("order[ing] the appellant to file evidence and argument" but providing that "[t]he agency *may* respond to the jurisdictional show cause order" (emphasis added)); *McCarthy*, 809 F.3d at 1373. Mr. Akerman has not shown that the Board erred and "caused substantial harm or prejudice" in exercising its discretion on the procedural matters relevant to discovery and evidentiary issues. *Becker v. Office of Personnel Management*, 853 F.3d 1311, 1315 (Fed. Cir. 2017) (quoting *Curtin v. Office of Personnel Management*, 846 F.2d 1373, 1379 (Fed. Cir. 1988)). We see no abuse of discretion in connection with evidence and discovery or in connection with the Board's denial of his motions to file new evidence.

## III

We have considered Mr. Akerman's remaining arguments and find them unpersuasive. We therefore affirm the Board's dismissal of the appeal.[4]

The parties shall bear their own costs.

**AFFIRMED**

---

[4] On March 13, 2025, Mr. Akerman asked us to reconsider our prior denial of a request to allow him to present oral argument before this court, renewed his request for involvement of an amicus (seemingly a request for us to appoint an amicus to argue his position), and filed a memorandum in lieu of oral argument. ECF No. 53. We deny the request for oral argument and amicus involvement but allow the filing of the memorandum.